## In re Anonymous No. 49 D.B. 83

Disciplinary Board Docket no. 49 D.B. 83.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

MARROLETTI, *Member,* February 9, 1995—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

On October 6, 1983, [petitioner], was transferred to inactive status as a member of the Bar of the Commonwealth of Pennsylvania by order of the Supreme Court of Pennsylvania.

Petitioner filed a petition for reinstatement and a reinstatement questionnaire on September 22, 1993.

The matter was assigned to Hearing Committee [   ], consisting of [   ], Esquire, Chairperson, and members [   ], Esquire and [   ], Esquire.

A hearing on the matter was held on January 31, 1994.

The Hearing Committee filed its report on July 26, 1994. The committee recommended granting reinstatement.

Neither party filed exceptions to the Hearing Committee report.

The matter was adjudicated at the September 29, 1994 meeting of the Disciplinary Board.

## II. FINDINGS OF FACT

(1) Petitioner was born on October 12, 1947. He was admitted to the Bar in Pennsylvania in 1975.

(2) After his admission to the bar, petitioner practiced principally criminal law in [    ] County.

(3) Petitioner, over the course of eight years of practice, became addicted to alcohol and other drugs which ultimately impacted upon his life, his practice, and his ability to be responsible as an attorney and as an individual.

(4) Petitioner entered rehabilitation for his drug and alcohol problems in July of 1983 and upon his completion thereof returned to the [    ] area where he has been employed in various callings, none of which involved the practice of law, and is currently employed as the director of the [    ] Department at [A] Hospital.

(5) On October 6, 1983, petitioner was placed on inactive status (by order of the Supreme Court of Pennsylvania) pursuant to a certificate of admission of disability.

(6) While petitioner seeks reinstatement to the bar, he has expressed his intention of not returning to the active practice of law.

(7) At the time petitioner went on inactive status, there were three complaints being investigated by the Office of Disciplinary Counsel. Letters of inquiry have

been sent with regard to each of these matters. These matters have since been resolved and it is stipulated by Disciplinary Counsel and counsel for petitioner that these cases should not constitute a bar to petitioner's reinstatement to the practice of law.

(8) Petitioner, in the summer of 1993, attended a three day course at [    ] University conducted by the Pennsylvania Bar Institute, which course qualified as continuing legal education.

(9) Petitioner has the moral qualifications to be a member of the Bar of Pennsylvania.

(10) Petitioner is morally, ethically and professionally fit to be reinstated to the active practice of law in the Commonwealth of Pennsylvania.

(11) Over 11 years have passed since petitioner stopped practicing law, during which time petitioner has carved out a successful and satisfying career culminating in his present position as director of the [    ] Department of [A] Medical Center.

(12) In furtherance of his efforts to rehabilitate himself, as above stated, in July 1983 petitioner was admitted to a rehabilitation center in [    ] where he stayed until released to a halfway house until the beginning of January of 1984 and also participated in the Alcoholics Anonymous program for about three years.

(13) In addition, petitioner has been a volunteer for the [    ], has been a board member of the [    ] providing services to the very poor, has been a board member of the [    ], and has served as its president.

(14) Petitioner is presently a board member of the [    ] that produces and performs plays that are prevention education tools for young people and currently is the president of the board of an organization called the [    ], a non-profit organization providing mental

health and substance abuse services to children in [ ] County.

(15) In addition to his own testimony, petitioner offered the testimony of his wife, [B], who is a nurse and has taken courses with respect to chemical dependency. [B] testified that she has never observed petitioner using alcohol or drugs of any kind.

(16) Petitioner also presented the testimony of [C] Esquire, an attorney for 24 years, who testified that he was familiar with petitioner during his involvement with alcohol and drugs but has never observed petitioner either drinking or using drugs since 1984.

(17) [D], Esquire, also testified that he knew petitioner over 20 years, that he has never seen him take a drink since 1983 and that petitioner, since 1983, has become mature and committed to himself, to those about him, to his job duties and his child and his wife.

(18) [E], Ph.D., testified that he is the chief psychologist at [A] Medical Center and has known petitioner for approximately six and one-half years and has worked very closely with petitioner for the last two and one-half years. He said that he has done a fair amount of work with chemical dependents and that his professional opinion was that petitioner has no chemical dependency problems now nor for the past six and one-half years that he has known petitioner and that petitioner has the moral qualifications for reinstatement. (N.T. 36-37.)

## III. CONCLUSIONS OF LAW

(1) Petitioner has demonstrated that the conduct responsible for his being placed in inactive status was not so egregious as to bar immediate consideration of his petition for reinstatement.

(2) Petitioner has demonstrated that he has undertaken and successfully completed a substantial period of meaningful rehabilitation.

(3) Petitioner has shown by clear and convincing evidence that he possesses the moral qualifications necessary for admission to the practice of law in Pennsylvania.

(4) Petitioner has shown by clear and convincing evidence that he possesses the competency and learning in the law necessary for admission to the practice of law in Pennsylvania.

(5) Petitioner has shown by clear and convincing evidence that his reinstatement will not be detrimental to the integrity and standing of the bar, nor harmful to the administration of justice, nor subversive of the public interest.

## IV. DISCUSSION

"A reinstatement proceeding is a searching inquiry into a lawyer's present professional and moral fitness to resume the practice of law. The object of concern is not solely the transgressions which gave rise to the lawyer's suspension or disbarment, but rather the nature and extent of the rehabilitative efforts he has made since the time sanctions were imposed, and the degree of success achieved in the rehabilitative process." *Philadelphia Newspapers Inc. v. Disciplinary Board of the Supreme Court,* 468 Pa. 382, 385-86, 363 A.2d 779, 780-81 (1976). At the hearing, respondent's rehabilitative effort is fully explored. *Philadelphia Newspapers Inc., supra.*

On October 6, 1983, petitioner was transferred to inactive status as a member of the bar of this Commonwealth upon consideration of the certificate of ad-

mission of disability by attorney filed with the Supreme Court of Pennsylvania.

Throughout his approximately eight years of practice, petitioner had been a successful and respected attorney until his conduct was affected by his dependency upon alcohol and other drugs.

Petitioner's misconduct resulted in two informal admonitions (9/24/79 and 6/7/82) and a private reprimand administered September 12, 1983. (See prior disciplinary record.) All three complaints arose from a failure by petitioner to pursue matters to conclusion, conduct typical of impaired attorneys afflicted with alcoholism or other dependency.

It is worthy of consideration that petitioner recognized his disability, entered treatment and applied for transfer to inactive status while his disciplinary record was still of a relatively minor nature. With regard to petitioner's prior disciplinary record, it is important to note that Disciplinary Counsel has stipulated that the complaints against petitioner had been resolved and that those cases should not constitute a bar to petitioner's reinstatement to the practice of law. (See stipulation, ODC exhibit 1.)

The Supreme Court has permitted the reinstatement of attorneys who have committed more serious offenses. *In re Anonymous No. 26 D.B. 81,* 7 D.&C.4th 260 (1990) involved an attorney convicted of bribery, perjury, lying to federal law enforcement officials, and laundering checks. This string of offenses did not bar his reinstatement. Another attorney was readmitted following disbarment upon conviction of conspiracy to smuggle gold into the United States. *In re Anonymous No. 22 D.B. 76,* 50 D.&C.3d 289 (1988). A third attorney was reinstated following disbarment resulting from conviction of obstruction of justice. *In re Anonymous No.*

*48 D.B. 77,* 36 D.&C.3d 51 (1984). Petitioner's conduct was far less egregious than these examples, and the board therefore finds petitioner has satisfied the concerns prompting inquiry as set forth in *Philadelphia News Inc., supra.*

The board's second inquiry is whether petitioner has shown, by clear and convincing evidence, that his disability has been removed and he is fit to resume the practice of law as required by Rule 301(h), Pa.R.D.E.

Petitioner has been on inactive status since October 6, 1983 and during this period he has undertaken many activities which demonstrate his rehabilitation.

After approximately six months of rehabilitative treatment in [ ], petitioner returned to [ ] and took a position on the staff of a small non-profit organization, the [ ]. (N.T. 12.) He worked there for two and one-half years and then obtained employment at the [A] Medical Center as a fundraiser for the [A] Health Foundation. The funds raised were to help the hospital continue its mission in providing health care to the poor. (N.T. 13-14.)

Petitioner continued in that work for almost four years when he was promoted to director of the [ ] Department that provides mental health counseling services to industry under contract. Additionally, he then took on the responsibility of directing managed care for the division of psychiatry for the hospital. (N.T. 14-15.)

As part of his duties, he calls on various corporations throughout the [ ] area and has responsibility for five full-time people working for him. (N.T. 15.)

Petitioner has also involved himself in various community activities including, but not limited to, the [ ], the [ ] (a board member), an organization that provides services to the very poor in the [ ] section

of [  ]. He was a co-founder of the [  ] in [  ], he has been a board member of the [  ] and served as its president. Petitioner is presently a board member of the [  ], an organization that produces and performs plays that are preventive education tools for young people. (N.T. 16, 17.)

Petitioner is also president of the board of the [  ], a non-profit organization that provides mental health and substance abuse services to children in [  ] County.

Equally important, petitioner has shown from the outset, that he has an understanding of how his misconduct occurred and has taken steps to make sure that nothing similar occurs again. Even before entry of the order by the Supreme Court transferring petitioner to inactive status, he was an in-patient in a treatment center in [  ] and upon his return to [  ], he enrolled in Alcoholics Anonymous and continued participation in that program for about three years. (N.T. 12 and 17.)

These activities, along with the testimony of petitioner's wife, a nurse, two experienced and respected members of the bar, [C], Esquire and [D], Esquire, along with that of [E], the chief psychologist at [A] Medical Center, all serve to establish to the satisfaction of this board, that petitioner has met the burden of showing by clear and convincing evidence, that his disability has been removed and he is fit to resume the practice of law. Rule 301(h), Pa.R.D.E.

The board must also ask whether the petitioner has satisfied the requirements of Rule 218(c)(3)(i), Pa. R.D.E. The rule provides:

"A disbarred or suspended attorney shall have the burden of demonstrating by clear and convincing evidence that such person has the moral qualifications, competency and learning in law required for admission

to practice law in this Commonwealth and that the resumption of the practice of law within the Commonwealth by such person will be neither detrimental to integrity and standing of the bar or the administration of justice nor subversive of the public interest." Rule 218(c)(3)(i), Pa.R.D.E.

Petitioner has shown his competency and learning in the law. Petitioner has attended and successfully completed the Pennsylvania Bar Institute three day seminar at [ ] University, which course qualified as continuing legal education. (N.T. 19.) The evidence supports a finding that petitioner has the competency and learning in the law necessary for admission to practice law in Pennsylvania.

Petitioner met the burden of moral qualifications by presenting the testimony of his wife, [B], [C], Esquire, [D], Esquire and Dr. [E]. All of those witnesses confirmed that petitioner is free from any contact with drugs or alcohol and that petitioner has the moral qualifications to be reinstated to the bar. (N.T. 29, 34, 37.) We do not perceive necessity to reproduce that testimony here, but suffice it to say that all witnesses spoke in glowing terms and great admiration for petitioner.

The testimony from respected witnesses familiar with a petitioner has been considered in past cases to meet the burden of moral qualification. *In re Anonymous No. 99 D.B. 84,* 14 D.&C.4th 342, 357 (1991). Therefore, the board finds that petitioner has met the burden of showing moral qualification.

Finally, under Rule 218, Pa.R.D.E., petitioner must show that his reinstatement will be "neither detrimental to the integrity and standing of the bar or the administration of justice nor subversive of the public interest." The evidence before the board in the instant case satisfies this requirement as well. In addition to the testimony

and exhibits examined above, the board particularly notes that petitioner paid over $6,000 in settlement of the three complaints pending against him at the time of his transfer to inactive status and that Senior Disciplinary Counsel has stipulated that none of those cases should constitute a bar to petitioner's reinstatement to the practice of law. (ODC. exh. 1.) This conduct, on petitioner's part, suggests that petitioner is aware of what a lawyer's duties are and that petitioner has complied, to the fullest extent possible, in making amends for his alcohol-induced misconduct. The board also notes that the Office of Disciplinary Counsel has raised no objection to petitioner's reinstatement.

Therefore the evidence, testimonial and documentary before the board, clearly and convincingly establishes petitioner's complete rehabilitation from any alcohol or drug problem and his fitness for the practice of law. Accordingly, with recognition of not only petitioner's extraordinary efforts with regard to rehabilitation but his other activities and accomplishments as well, the board enthusiastically recommends reinstatement.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends that petitioner, [    ] be reinstated to the practice of law.

It is further recommended that the court direct that petitioner pay all of the necessary expenses incurred in the investigation and processing of this matter pursuant to Rule 218(e), Pa.R.D.E.

## ORDER

And now, March 6, 1995, upon consideration of the report and recommendations of the Disciplinary Board

of the Supreme Court of Pennsylvania dated February 9, 1995, the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.

Mr. Justice Montemuro is sitting by designation.